## William L. Florville v. Leonard Stieren.

1. VERDICTS—*On Conflicting Evidence.*—Where the evidence is conflicting, it is the province of the jury to determine where the truth lies.

Assumpsit, on a promissory note. Trial in the County Court of Sangamon County; the Hon. CHARLES P. KANE, Judge, presiding. Verdict

and judgment for plaintiff; appeal by defendant. Heard in this court at the November term, 1898. Affirmed. Opinion filed February 7, 1899. Rehearing denied.

E. S. ROBINSON, attorney for appellant; TIMOTHY MC-GRATH, of counsel.

JOHN G. FRIEDMEYER, attorney for appellee.

MR. JUSTICE HARKER delivered the opinion of the court.

This suit was brought by appellee before a justice of the peace, upon a promissory note executed to him by John Eifert and Fred G. Eifert, as principals, and William L. Florville as surety. Judgment being rendered against the defendants, an appeal was prosecuted to the County Court, where Florville interposed the defense that he signed the note as surety solely upon condition that the plaintiff would take as additional security a chattel mortgage on certain property, which the plaintiff had failed to do. A trial was had by a jury which resulted in a verdict and judgment upon the note against all three defendants for $72.82.

The evidence in the record shows that this note and others, aggregating $800, were executed to secure the purchase money for some dairy property sold by the plaintiff, Stieren, to the Eiferts. At the time of the sale a written agreement was executed and signed by Stieren and the Eiferts, wherein it was recited that Stieren had sold to them his dairy outfit, consisting of cows, horses, etc., for $800, as evidenced by eight promissory notes, which were to be secured by personal security and by a chattel mortgage. Florville was not a party to that agreement, but he testified that it was agreed between him and Stieren that if he would sign the note that Stieren would take a chattel mortgage on the property. He was flatly contradicted by Stieren, who further testified that the reason that he did not take a mortgage was because Florville objected to his doing so.

In the conflict between Florville and Stieren it was the peculiar province of the jury to say where the truth was. We have no inclination to say that they decided incorrectly and

will not disturb their finding, unless we can see that some error intervened prejudicial to Florville.

It is insisted that the court erred in instructing the jury that Florville was not a party to the written agreement referred to if his signature was not attached to it, and that any agreement contained in it, not executed, would not release him as surety. There was nothing wrong in this instruction. It is contended that the court erred in refusing several instructions based upon the idea that Florville had been induced by the fraud of Stieren to sign the note. The law relating to the procurement of the execution of a promissory note by fraud and circumvention had no place in the case. The defense interposed did not involve a question of fraud, but the failure of the plaintiff to fulfill an agreement which had the effect to release the party defending from liability.

The court properly refused the request of the attorney of Florville to open and close the argument to the jury. There were no written pleadings, and the plaintiff was required to make out his case in the first instance, by the introduction of the note in evidence.

We see no reason for reversing the judgment. Judgment affirmed.